DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas. Because we find that the evidence supports appellant `s conviction, we affirm.
 {¶ 2} In 2001, appellant, Shawn Johnson, lived with his girlfriend and her three children on Felt Street in Toledo, Ohio. On August 30, 2001, Johnson was indicted on one count of child endangering, a violation of R.C. 2919.22(B)(3) and a felony of the third degree. A trial commenced on May 15, 2002. Kevin Whiting testified that on August 22, 2001, he was visiting friends who lived next-door to Johnson on Felt Street. At approximately 11:30 p.m., he was walking to the corner store when he heard a young child crying. He looked up at an open window of Johnson's residence and saw Johnson repeatedly hitting a child on the head with a shoe. Whiting identified the child as the middle of three children who lived at the residence. Whiting testified that he saw Johnson violently shake the child and then throw her across the bed. Whiting immediately went back to his friends' residence to call the police. While waiting for the police, he again saw Johnson, through the window, holding the child by her throat and telling her to be quiet.
 {¶ 3} Rebecca Wolff testified that on August 22, 2001, she lived next-door to Johnson. That evening, Kevin Whiting was visiting her. Wolff testified that at approximately 11:30, Whiting left to go to a store. Whiting quickly returned in tears telling Wolf that someone was "getting a beating." Wolff testified that she went outside and saw Johnson, through a window, hitting a little girl on top of her head with a white tennis shoe.
 {¶ 4} Seven year-old Destynie testified that she, her mother and her two sisters used to live with Johnson on Felt Street. She remembered that one night when she lived on Felt Street, Johnson was staying with her and her sisters while her mother was at work. That night, Johnson took her three year-old sister Dezyreigh into another bedroom and beat her with a tennis shoe because Dezyreigh would not finish her dinner. Destynie testified that the police came to the house that night after the beating.
 {¶ 5} Officer Patricia Gomez testified that on August 22, 2001, she was dispatched to 1307 Felt Street to check on the safety of a child. Officer Gomez testified that she initially talked to Whiting and Wolff who told her that they saw Johnson hitting one of the children on the head with a shoe. Gomez then went to Johnson's apartment and asked to see Dezyreigh. The child's mother, Christina Cole, led Officer Gomez to the child's bedroom. Gomez testified that Dezyreigh's head appeared to be red with a visible bump.
 {¶ 6} Toledo police detective Timothy Kaminski testified that he was called to investigate a child endangering charge at Johnson's residence on August 22, 2001. He attempted to interview the alleged victim, three year-old Dezyreigh, but she refused to speak. Detective Kaminski testified he then talked to seven year-old Destynie who told him that Johnson had hit the three year-old with a shoe. Kaminski testified that he could see some fresh, red tread marks from a shoe on Dezyreigh's head.
 {¶ 7} Dr. Gregory Hymel, an emergency physician at St.Vincent's Medical Center, testified he treated Dezyreigh at the emergency room in the early morning hours of August 23, 2001. Dr. Hymel testified that Dezyreigh suffered from head and neck injuries consistent with being hit by a shoe. Dr. Hymel further testified that a child the size and age of Dezyreigh would be in danger of sustaining permanent brain damage or death as a result of being repeatedly struck on the head with an object such as a shoe. A jury found Johnson guilty of endangering children on May 17, 2002. He was sentenced to a four year prison term. John now appeals setting forth the following assignments of error:
 {¶ 8} "I. The conviction of appellant should be overturned because the evidence presented by the state was insufficient to sustain a conviction.
 {¶ 9} "II. The conviction of appellant should be overturned because it was against the manifest weight of the evidence."
 {¶ 10} In his first assignment of error, appellant contends that the evidence presented at trial was insufficient to sustain his conviction.
 {¶ 11} "Sufficiency" applies to a question of law as to whether the evidence is legally adequate to support a verdict as to all elements of an offense. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 12} The elements of R.C. 2919.22(b)(3), endangering children, are as follows:
 {¶ 13} "No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
 {¶ 14} "* * *
 {¶ 15} "(3) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child."
 {¶ 16} Three witnesses testified that they saw Johnson repeatedly hit Dezyreigh. One witness, her sister, testified that Dezyreigh was beaten by appellant as a punishment for not eating. Three witnesses testified that Dezyreigh had red marks on her head. The doctor who treated her testified that Dezyreigh could have easily sustained more serious injuries as a result of being hit with a shoe. Accordingly, we find there was evidence presented which, if believed by the jury, would establish the essential elements of endangering children proved beyond a reasonable doubt. Appellant's first assignment of error is found not well-taken.
 {¶ 17} In his second assignment of error, appellant contends that his conviction is against the manifest weight of the evidence. Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 {¶ 18} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id at 387, citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
 {¶ 19} To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
 {¶ 20} We have fully examined the record of this proceeding and find nothing to suggest that the jury lost its way or that the result was a manifest miscarriage of justice. Appellant's second assignment of error is found not well-taken.
 {¶ 21} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., and Arlene Singer,J., CONCUR.